UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CHEYENNE C. HARDING,
                     Plaintiff,

v.

INVESTIGATOR TIMOTHY P. GOULD;
TROOPER TIMOTHY H. FINNEGAN;
INVESTIGATOR JAMES WOLLMAN; and
OTHER STATE POLICE EMPLOYEES, in
their individual and official capacities,
                     Defendants.

----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/2024

**OPINION AND ORDER**

22 CV 6285 (VB)

Copies Mailed Faxed
Chambers of Vincent L. Briccetti

Briccetti, J.:

        Plaintiff Cheyenne C. Harding, proceeding pro se and in forma pauperis, brings this

Section 1983 action against defendants Timothy P. Gould, Timothy H. Finnegan, and James

Wollman, all of whom are active or former New York State police officers, in their individual

and official capacities.[1]  Plaintiff alleges defendants violated her First, Second, Fourth, and

Fourteenth Amendment rights when they allegedly assaulted and arrested her cousin in her

presence, touched plaintiff's breast while holding her back, illegally searched her purse and

belongings, and seized her firearm.

---

[1]       In addition to the individually named defendants, plaintiff includes "other state police
employees" as defendants in the caption of her complaint.  However, the document itself
contains no factual allegations about, or even mention of, these other state police employees.  "It
is well-settled that dismissal is appropriate where a defendant is listed in the caption, but the
body of the complaint fails to indicate what the defendant did to the plaintiff."  Sharpstene v.
Burcume, 2022 WL 20335678, at *3 (N.D.N.Y. Feb. 18, 2022).  Accordingly, to the extent
plaintiff intended to assert claims against other unidentified state police employees, such claims
must be dismissed.

        Unless otherwise indicated, case quotations omit all internal citations, quotations,
footnotes, and alterations.

        Plaintiff will be provided with copies of all unpublished opinions cited in this decision.
See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Now pending is defendants' unopposed motion to dismiss the complaint pursuant to Rules 12(b)(1) and Rule 12(b)(6).[2]  (Doc. #19).

For the reasons set forth below, the motion is GRANTED.  However, the Court grants plaintiff leave to replead certain of her claims as discussed in Part V below.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff, a New Hampshire resident, alleges that on July 26, 2019, she, her cousin Joseph Brooks, and her aunt Wanda Duryea visited the New York State police barracks in Somers, New York, to obtain a signature on Brooks's parolee travel form.

According to plaintiff, defendant Finnegan refused to sign the form and hit Brooks. Plaintiff further claims she saw Brooks being assaulted in the parking lot and pulled out of a car.

Plaintiff alleges defendant Wollman refused plaintiff access to the barracks, telling her "You can't film in here," as he touched her left breast while holding her back.  (Doc. #2 ("Compl.") at 5).  Plaintiff asserts she then listened as Brooks was further assaulted in the barracks after he was "maliciously and falsely arrested."  (Id.).

Plaintiff claims her purse and belongings were illegally searched, and her black powder pistol was illegally seized and held until June 2022.  Plaintiff alleges she was arrested on firearms charges, which were later reduced to a disorderly conduct charge and ultimately

---

[2]    Plaintiff did not oppose the motion, despite having been granted an extension of time to do so.  (Doc. #24).

dismissed and sealed.

Plaintiff alleges that "[r]epeated court appearances and complications" associated with the July 26 events caused her "unwarranted stress, PTSD and IBS pain and symptoms." (Compl. at 6).

## DISCUSSION

I.    Standard of Review

   A.    Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory authority or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. DuPont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exits. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

In deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order). To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

B.      Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  Sealed Plaintiff v.

Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . .

threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the

Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.    Official Capacity Claims

Defendants argue plaintiff's official-capacity claims must be dismissed for lack of subject

matter jurisdiction because these claims are barred by the Eleventh Amendment.

The Court agrees.

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity."  Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009).  "[T]he

immunity recognized by the Eleventh Amendment extends beyond the states themselves to state

agents and state instrumentalities that are, effectively, arms of a state."  Id.  This immunity

shields States from claims for money damages and other prospective relief.  See Green v.

Mansour, 474 U.S. 64, 72–74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89,

101–02 (1984).  If a plaintiff's claims are barred by the Eleventh Amendment, they must be

dismissed for lack of subject matter jurisdiction.  Close v. New York, 125 F.3d 31, 38–39 (2d

Cir. 1997).

Congress did not abrogate the States' immunity in enacting Section 1983, see Dube v.

State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990), and New York has not waived its

immunity to suit in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35,

40 (2d Cir. 1977).  The Eleventh Amendment therefore precludes plaintiff's claims for damages

under Section 1983 against defendants, who are all New York State officials, in their official

Case 7:22-cv-06285-VB    Document 26    Filed 08/09/24    Page 6 of 29

capacities. See, e.g., Exxon Mobil Corp. v. Healey, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities.").

Moreover, this Court lacks subject-matter jurisdiction to consider plaintiff's claims against defendants in their official capacities under state law; plaintiff may only pursue such claims for damages in the New York Court of Claims. Bertoldi v. State, 275 A.D.2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State, State agencies, or State officials acting in their official capacities in the exercise of governmental functions.").

Accordingly, plaintiff's claims against defendants in their official capacities must be dismissed.

III.    Standing

Plaintiff alleges she suffered emotional distress watching defendants purportedly assault her cousin. Construing her allegations liberally, plaintiff asserts Section 1983 claims under the Fourth and Fourteenth Amendments and a state law negligence claim. Defendants challenge plaintiff's standing to bring these claims.

In addition to the Article III "case or controversy" requirements, federal courts must often consider certain prudential limits on a plaintiff's standing to pursue the claims she asserts. One such "prudential principle is that a plaintiff may ordinarily assert only his own legal rights, not those of third parties." Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 358 (2d Cir. 2016).

The Court will separately address plaintiff's prudential standing to assert the Section 1983 claims and her state law negligence claim.

A.    Section 1983 Claims

Defendants argue plaintiff lacks standing to assert Section 1983 claims concerning harm she suffered based on witnessing the alleged assault on and false arrest of her cousin, Brooks.

The Court agrees.

"[T]o prevail in an action brought under § 1983 a plaintiff must show that he or she was deprived of a right, privilege or immunity secured by the Constitution or laws of the United States." Morgan v. City of New York, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001). "[O]nly the person toward whom the state action was directed, and not those incidentally affected[,] may maintain a § 1983 claim." Id. For this reason, "a cause of action may not be asserted pursuant to Section 1983 for emotional distress . . . or any other consequent collateral injuries allegedly suffered personally by a victim's family members." Love v. Riverhead Cent. Sch. Dist., 823 F. Supp. 2d 193, 199 (E.D.N.Y. 2011).

To the extent plaintiff asserts she was harmed by witnessing the alleged assault and arrest of her cousin, she has not alleged a violation of her constitutional rights. "A plaintiff lacks standing to bring a § 1983 claim on their own behalf based upon a deprivation of their loved ones' rights," Baez v. Pinker, 2015 WL 3457277, at *4 (S.D.N.Y. June 1, 2015), and "emotional distress does not constitute a violation of a federally protected constitutional right" giving rise to a Section 1983 claim, Horton ex rel. S.H. v. Bd. of Educ., 2016 WL 2354266, at *2 (N.D.N.Y. May 4, 2016).

Accordingly, plaintiff's Section 1983 claims arising from her cousin's alleged assault and arrest must be dismissed for lack of standing.

B.    Negligence Claim

To the extent plaintiff asserts a state law negligence claim arising from the purported

assault and battery of Brooks, defendants argue plaintiff lacks standing because Brooks is not

plaintiff's immediate family member and plaintiff was not within the requisite "zone of danger."

The Court agrees.

Under New York law, a negligence claim for emotional distress is limited to "damages

for injuries suffered in consequence of the observation of the serious injury or death of a member

of his or her immediate family." Bovsun v. Sanperi, 61 N.Y.2d 219, 231 (1984) (emphasis

added).  Because Brooks is plaintiff's cousin, and not a member of her immediate family,

plaintiff cannot bring a negligence claim for emotional distress purportedly suffered from

witnessing the alleged assault of Brooks.  See, e.g., Jun Chi Guan v. Tuscan Dairy Farms, 24

A.D.3d 725, 726–27 (2d Dep't 2005) (finding "plaintiff's 'immediate family' does not include

his or her grandchild").

In any event, a plaintiff may only bring a negligence action for emotional distress when

the plaintiff "herself is threatened with bodily harm and she views the death or serious injury of"

her family member.  See Morgan v. City of New York, 166 F. Supp. 2d at 819 (citing Bovsun v.

Sanperi, 61 N.Y.2d at 228).  Narrowly circumscribed, this exception applies when the plaintiff

herself was within the "zone of danger," meaning she was exposed to "an unreasonable risk of

bodily injury or death."  Bovsun v. Sanperi, 61 N.Y.2d at 230–31.

Here, plaintiff alleges she saw and listened to her cousin being "hit" and "assaulted."

(Compl. at 5).  Although plaintiff asserts defendant Wollman held her back, even construing this

allegation in the light most favorable to her, plaintiff has not alleged she faced any threat of

serious bodily harm.  Thus, she does not have standing to bring a claim for negligent infliction of

emotional distress based on defendants' alleged treatment of Brooks.  See e.g., Zea v. Kolb, 204 A.D.2d 1019, 1019–20 (4th Dep't 1994) (plaintiff who was on the opposite side of the street and twelve to fifteen feet from her daughter when her daughter was struck by a car and died was not within the zone of danger).

Accordingly, plaintiff's negligence claim must be dismissed.

IV.    Failure to State a Claim

Liberally construed, the complaint asserts defendants violated plaintiff's constitutional rights when they touched her breast in holding her back from the barracks, searched her belongings, and seized her firearm.  None of these claims is adequately pleaded.

A.    Defendant Gould:  Personal Involvement

As an initial matter, none of plaintiff's factual allegations in the complaint involve defendant Gould.

To state a claim under Section 1983, a plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation.  See Spavone v. N.Y.S. Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."), abrogated on other grounds by Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017).  Because plaintiff has made no allegations against Gould, she has failed to plead Gould was personally involved in any unconstitutional conduct.

Accordingly, all claims against Gould must be dismissed.

B.    Excessive Force, Assault and Battery, and Bodily Integrity Claims

Liberally construed, plaintiff's allegation that Wollman touched her breast as he held her back from entering the barracks suggests claims for excessive force under the Fourth and

Fourteenth Amendments, assault and battery under New York law, and violation of the right to bodily integrity under the Fourth Amendment.

The Court finds plaintiff has not adequately pleaded any of these claims.

    1.   <u>Legal Standard</u>

"The essential elements of excessive force and state law assault and battery claims are substantially identical." <u>Humphrey v. Landers</u>, 344 F. App'x 686, 688 (2d Cir. 2009) (summary order). Excessive force claims asserted in the non-seizure, non-prisoner context are analyzed under the Due Process Clause of the Fourteenth Amendment. <u>Tierney v. Davidson</u>, 133 F.3d 189, 199 (2d Cir. 1998). Excessive force claims related to an arrest, on the other hand, are evaluated under the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 392 (1989). To determine whether the Fourth or Fourteenth Amendment governs an excessive force claim, courts consider whether there has been a constitutionally cognizable seizure. <u>Medeiros v. O'Connell</u>, 150 F.3d 164, 167 (2d Cir. 1998).

To plead an excessive force claim under the Fourteenth Amendment, a plaintiff must allege that force was applied "purposefully, knowingly, or (perhaps) recklessly" because "accidental or negligent acts are not subject to Fourteenth Amendment liability." <u>Edrei v. Maguire</u>, 892 F.3d 525, 534 (2d Cir. 2018). A plaintiff must also allege facts suggesting that the use of force was "objectively unreasonable." <u>Kingsley v. Hendrickson</u>, 567 U.S. 389, 397 (2015). To determine whether the use of force was objectively unreasonable under the Fourteenth Amendment, courts consider six non-exhaustive considerations: (i) the relationship between the need for the use of force and the amount of force used; (ii) the extent of the plaintiff's injury; (iii) any effort made by the officer to temper or to limit the amount of force; (iv) the severity of the security problem at issue; (v) the threat reasonably perceived by the

officer; and (vi) whether the plaintiff was actively resisting. Id.; see Edrei v. Maguire, 892 F.3d 525, 537 (2d Cir. 2018) (noting Kingsley's six-factor test is a "modest refinement" of the four-factor test long employed by the Second Circuit). A plaintiff "must also allege that the officers used more than de minimis force." Feliciano v. Thomann, 747 F. App'x 885, 887 (2d Cir. 2019) (summary order).

Courts also apply an "objective reasonableness" standard to Fourth Amendment excessive force claims. Graham v. Connor, 490 U.S. at 396. This standard requires "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id.

However, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. at 396–97. Courts are thus "required to make allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010).

Although "a de minimis use of force will rarely suffice to state a constitutional claim," Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993), "it is the force used, not the injuries caused, which must be determined to be de minimis as a matter of law," Campbell v. City of New York, 2010 WL 2720589, at *8 (S.D.N.Y. June 30, 2010). This is because the absence of serious injury alone is not sufficient to preclude a Fourth Amendment excessive force claim as a matter of law. Ketcham v. City of Mount Vernon, 992 F.3d 144, 150–51 (2d Cir. 2021).

It is typically the jury's "unique task . . . to determine the amount of force used, the injuries suffered and the objective reasonableness of the officer's conduct." Breen v. Garrison,

169 F.3d 152, 153 (2d Cir. 1999).  Therefore, "[w]hen courts grant motions to dismiss an

excessive force claim, it is because the force used was objectively reasonable as a matter of law."

Phillips v. City of Middletown, 2018 WL 4572971, at *3 (S.D.N.Y. Sept. 24, 2018).

Courts also recognize that "unreasonable, non-consensual, inappropriate touching can

constitute unreasonable intrusions into a plaintiff's bodily integrity in violation of the Fourth

Amendment." Scalpi v. Amorim, 2018 WL 1606002, at *18 (S.D.N.Y. Mar. 29, 2018).

However, "not every truthful allegation of sexual bodily intrusion during an arrest is actionable

as a violation of the Fourth Amendment.  Some bodily intrusions may be provably accidental or

de minimis and thus constitutionally reasonable." Id. (quoting Fontana v. Haskin, 262 F.3d 871,

880 (9th Cir. 2001)).

> 2.    Application

As an initial matter, it is unclear whether plaintiff's excessive force claims are governed

by the Fourth or Fourteenth Amendment standard.  Although the Court infers Wollman's touch,

made in connection with plaintiff attempting to enter the barracks, occurred separately from

plaintiff's arrest on firearms charges, seemingly made after her pistol was seized, and thus was

not connected to a constitutionally cognizable seizure, the timing in the complaint is unclear.

However, under either standard, plaintiff fails to plausibly state an excessive force or assault and

battery claim against Wollman.

Although plaintiff has adequately alleged Wollman's use of force was made knowingly

under the Fourteenth Amendment, she has not plausibly alleged the use of force was objectively

unreasonable.  Plaintiff has not alleged any injury inflicted as a result of the use of force, and her

allegations suggest that force "was applied in a good faith effort to maintain or restore

discipline." Tierney v. Davidson, 133 F.3d at 199.  Indeed, courts have repeatedly held that

similarly minimal uses of force, such as a single slap, that result in no injury "constitutes unactionable, de minimis force." Lewis v. Huebner, 2020 WL 1244254, at *6 (S.D.N.Y. Mar. 16, 2020) (collecting cases dismissing excessive force claims under both Fourth and Fourteenth Amendments). Moreover, the allegation that Wollman's use of force was related to the need to refuse plaintiff access to the barracks suggests the use of force was not unreasonable. Considering the Kingsley factors, the Court finds plaintiff has not plausibly alleged facts from which the Court could infer the use of force was objectively unreasonable.

The same is true as to plaintiff's Fourth Amendment excessive force claim. Plaintiff alleges no facts from which the Court can infer Wollman used "force beyond that which was warranted by the objective circumstances" at issue. Cugini v. City of New York, 941 F.3d 604, 612 (2d Cir. 2019). The Court thus cannot "plausibly infer" the use of force was objectively unreasonable. Lewis v. Westchester County, 2021 WL 3932626, at *4 (S.D.N.Y. Sept. 2, 2021) (dismissing Fourth Amendment excessive force claim when plaintiff alleged "no facts from which the Court could plausibly infer the handcuffs were unreasonably tight" or the use of force was otherwise unreasonable). Similarly, plaintiff's lone allegation that Wollman touched her breast while holding her back is not sufficient to establish a bodily integrity claim under the Fourth Amendment. See Scalpi v. Amorim, 2018 WL 1606002, at *18 (collecting cases holding an officer touching a plaintiff's breasts and genital area over her clothes is insufficient to violate the Fourth Amendment).

Accordingly, plaintiff's Fourth and Fourteenth Amendment excessive force and bodily integrity claims and state law assault and battery claims arising out of the alleged touch by Wollman must be dismissed.

C.    <u>Search and Seizure Claims</u>

The Court liberally construes plaintiff's allegations that her purse and belongings were illegally searched and that her pistol was illegally seized as suggesting defendants violated her Fourth Amendment right to be free from unreasonable search and seizure.

Defendants argue plaintiff has not adequately alleged an unreasonable search or seizure. The Court agrees.

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "In any § 1983 claim predicated on the Fourth Amendment, the first step is to determine whether there has been a constitutionally cognizable search or seizure." <u>Velasquez v. City of New York</u>, 2012 WL 5879484, at *4 (E.D.N.Y. Nov. 21, 2012) (citing <u>Medeiros v. O'Connell</u>, 150 F.3d 164, 167 (2d Cir. 1998)).

A Fourth Amendment "search" occurs when an "individual manifest[s] a subjective expectation of privacy in the object of the challenged search, and society is willing to recognize that expectation as reasonable." <u>Kyllo v. United States</u>, 533 U.S. 27, 33 (2001). Warrantless searches and seizures "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967).

"A seizure occurs when there is some meaningful interference with an individual's possessory interest in his or her property." <u>United States v. Jackson</u>, 466 U.S. 109, 113 (1984). Notably, the government's failure to return lawfully seized property is not an unreasonable seizure under the Fourth Amendment. <u>Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.</u>, 363 F.3d 177, 187 (2d Cir. 2004). In other words, the government's continued retention of property

does not constitute an additional seizure or transform a lawful seizure into an unlawful one.

Malapanis v. Regan, 335 F. Supp. 2d 285, 291 (D. Conn. 2004) (citing Fox v. Van Oosterum,

176 F.3d 342, 351 (6th Cir. 1999)).

Plaintiff makes no non-conclusory allegations that her purse or belongings were

subjected to an unreasonable search. Instead, plaintiff "merely alleges [defendants] conducted an

unreasonable search, but fails to support this assertion with any supporting factual allegations."

Lautman v. Village of Saugerties, 2014 WL 1653189, at *6 (N.D.N.Y. Apr. 23, 2014).

(dismissing conclusory claims of constitutional violation). Moreover, plaintiff does not name

which defendants, if any, searched her belongings. See Wilson v. City of New York, 2016 WL

2858895, at *3 (S.D.N.Y. May 16, 2016) (finding "bare allegation that [a defendant] 'was

personally involved in the unlawful search and arrest' is too conclusory to sufficiently allege his

personal involvement in a constitutional violation").

Similarly, plaintiff's barebones allegation that her pistol was "illegally seized," without

more, is insufficient to plead an unreasonable seizure. Plaintiff has not alleged whether she was

legally permitted to possess the firearm in New York. Moreover, plaintiff's assertion that she

was later prosecuted for "firearms charges" suggests her pistol was seized as evidence of a crime.

See United States v. Herron, 18 F. Supp. 3d 214, 223 (E.D.N.Y. 2014) ("A police officer may

seize personal effects discovered during a search incident to arrest if the officer finds that these

are evidence of criminal conduct, even if unrelated to that for which a suspect had been

arrested."). Thus, plaintiff has failed to allege particularized supporting facts needed to state a

Fourth Amendment claim for the seizure of her pistol.

Moreover, absent a well-pleaded claim that defendants illegally seized the pistol, the

continued retention of the firearm is not actionable. Shaul v. Cherry Valley-Springfield Cent.

Sch. Dist., 363 F.3d at 186–87.

Accordingly, plaintiff's Fourth Amendment claim arising from the search of her purse and belongings and the seizure of her firearm must be dismissed.

D.    Second Amendment Claim

To the extent plaintiff attempts to assert a claim under the Second Amendment, she has failed to allege defendants violated her constitutional right to bear arms.

The Second Amendment provides:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.  The Supreme Court has held the Second Amendment "codified a pre-existing right" that includes an "individual right to possess and carry weapons in case of confrontation."  District of Columbia v. Heller, 554 U.S. 570, 592 (2008).  This right applies to the states through the Due Process Clause of the Fourteenth Amendment.  McDonald v. City of Chicago, 561 U.S. 742, 766–67 (2010).  However, the Second Amendment's "right to bear arms is not a right to hold some particular gun."  Garcha v. City of Beacon, 351 F. Supp. 2d 213, 217 (S.D.N.Y. 2005).

Here, plaintiff alleges her firearm was allegedly illegally seized.  But the "confiscation of a specific weapon does not constitute a Second Amendment violation."  Dunkelberger v. Dunkelberger, 2015 WL 5730605, at *20 (S.D.N.Y. Sept. 30, 2015).  Moreover, because plaintiff has not alleged that defendants prevented her "from acquiring another weapon," they "did not impede plaintiff's right to bear arms."  McGuire v. Village of Tarrytown, 2011 WL 2623466, at *7 (S.D.N.Y. June 22, 2011).

Accordingly, to the extent plaintiff attempted to bring a Second Amendment claim, such claim must be dismissed.

E.    False Arrest Claim

Liberally construed, plaintiff's allegations suggest she attempts to bring a claim for false

arrest under the Fourth Amendment.  Defendants argue such a claim should be dismissed

because plaintiff has not adequately alleged the personal involvement of any defendant and, in

any event, plaintiff has not alleged her arrest was made without probable cause or was improper.

The Court finds plaintiff has failed to adequately plead a false arrest claim.

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual

to be free from unreasonable seizures, including arrest without probable cause, is substantially

the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852

(2d Cir. 1996).  To prevail on a claim of false arrest or unlawful imprisonment, a plaintiff must

prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of

the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement

was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003).

As an initial matter, plaintiff does not allege the personal involvement of any defendant.

She alleges simply that she was arrested and charged with firearms charges, but she does not

allege which defendant, if any, effectuated her arrest. See Wilson v. City of New York, 2016

WL 2858895, at *3.  In any event, plaintiff's allegations do not suggest that she was maliciously

or falsely arrested.  To the extent the complaint could suggest the arrest was wrongful because

the seizure of plaintiff's firearm resulted from an unlawful search and seizure, plaintiff has not

adequately alleged the search and seizure was unlawful (as discussed above, Part IV.C), and, in

any event, such a "fruit of the poisonous tree" argument may not be invoked to support a Section

1983 action. Townes v. City of New York, 176 F.3d 138, 145 (2d Cir. 1999).

17

Accordingly, to the extent plaintiff attempted to bring a false arrest claim, such claim must be dismissed.

F.    First Amendment Claim

Although plaintiff lists the First Amendment as a source of rights she alleges were violated (Compl. at 2), she alleges no facts from which the Court could infer a First Amendment claim. "Because the claims are conclusory and lack any factual support for even an inference that defendants" violated plaintiff's First Amendment rights, "plaintiff has failed plausibly to allege a [First] Amendment violation." Hirsch v. City of New York, 751 Fed. App'x 111, 114 (2d Cir. 2018) (summary order) (affirming dismissal of a Fourth Amendment claim because the complaint did not mention the Fourth Amendment other than in a heading).

Accordingly, any claim that defendants violated plaintiff's First Amendment rights must be dismissed.[3]

V.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). Thus, a district court ordinarily should not dismiss a pro se complaint for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, "a futile request to replead should be denied." Id.

---

[3]    Because all claims are being dismissed, the Court does not address defendants' arguments concerning qualified immunity.

Here, reading the complaint liberally, no allegations suggest plaintiff has a valid claim against defendants (i) in their official capacity, (ii) arising out of watching defendants purportedly assault Brooks, or (iii) for violations of her First and Second Amendment rights, that she has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. To the contrary, the Court finds that repleading these claims would be futile, because the problems with these causes of action are substantive, and supplementary and/or improved pleading will not cure the deficiencies of the complaint. Id.

However, to the extent plaintiff attempted to raise claims for (i) excessive force under the Fourth or Fourteenth Amendments or assault and battery under New York law arising out of contact by defendant Wollman, (ii) unreasonable search and seizure of plaintiff's belongings under the Fourth Amendment, and (iii) false arrest under the Fourth Amendment, the problems with these claims arise largely from an absence of particularized supporting factual allegations. Thus, in consideration of her pro se status, the Court grants plaintiff leave to replead these claims.

Accordingly, although she is not required to do so, if plaintiff wishes to pursue such claims, she may file an amended complaint. To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order.

To be clear, the Court is permitting (but not requiring) plaintiff to file an amended complaint, to pursue only claims arising out of the touch by defendant Wollman, the search and seizure of plaintiff's belongings, and her arrest. Plaintiff is not granted leave to file an amended complaint containing claims against defendants in their official capacity, or claims against defendants arising out of watching defendants purportedly assault Brooks, or claims for violations of her First and Second Amendment rights.

**The amended complaint will completely replace, not supplement, the existing complaint.** Therefore, plaintiff must include in the amended complaint all information necessary for these claims, including all relevant allegations from her original complaint.

**CONCLUSION**

The motion to dismiss is GRANTED.

All of plaintiff's claims are dismissed.

However, plaintiff is granted leave, should she wish to do so, to file an amended complaint, in accordance with the instructions above, utilizing the amended complaint form attached hereto. By September 9, 2024, plaintiff shall file her amended complaint. If plaintiff fails to file an amended complaint by September 9, 2024, the Court will enter judgment in defendants' favor and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion. (Doc. #19).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated: August 9, 2024
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

22 CV 6285 (VB)

(Include case number if one has been
assigned)

-against-

AMENDED

_____

COMPLAINT

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial        Last Name

_____

Street Address

_____

County, City                      State           Zip Code

_____     _____

Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State            Zip Code

Defendant 2:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State            Zip Code

Defendant 3:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State            Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City               State            Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007